José Manuel Alonso Muñoz, Plaintiff and Appellant, *v*. Ramón Nieves Luyando, Defendant and Appellee.

No. 7517. Decided February 25, 1938.

*R. Díaz Collazo* for appellant. *Dubón & Ochoteco* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

ON MOTION FOR RECONSIDERATION

In the opinion rendered in this case on July 31, 1937, appearing at page 191·of this volume, we said:

"As a better guide for the profession in the application of the law, we decide that in accordance with Section 11 of Act No. 76 of 1931, when the term for the duration of share-cropping contracts is not fixed, and the landholder wishes to terminate it and to obtain possession of the property, said landholder has a right to bring an action of unlawful detainer against the cropper provided that his complaint shows that the following requisites have been complied with:

"1. That demand was made on the cropper to vacate the property within the period fixed by the landholder.

"2. That the landholder paid or offered ·to pay to the cropper at the time that demand to vacate the property was made, the damages which may be caused, plus the amount of his participation in the crops pending.

"3. That the cropper was required to agree to the appointment of experts for the appraisal of the crops.

"4. That although the preceding requirements were complied with, the cropper has refused to vacate the property." p. 196.

Defendant has filed a motion asking us to clarify the scope of requirement number 2, above, in the sense that a simple offer of payment upon the part of the landlord is insufficient; and that the offer of payment must be duly secured in order for the landlord to proceed with the eviction of the share-cropper.

We consider appellee's motion well founded. In granting the same, we modify requirement number 2 to read as follows:.

"2. That the landlord paid to the sharecropper when requiring him to vacate the property, the damages which might be caused to him, together with the value of his share in the growing crops; or that on or before the date of making such demand, the landlord

posted good and sufficient bond in favor of the sharecropper to secure to the latter the payment of such damages and of the value of his share in the growing crops.''

Payment or security for payment, of damages and for a sharecropper's participation in growing crops is one of the indispensable conditions precedent to the landlord's right to evict a sharecropper. In case he has posted a bond in favor of the sharecropper, execution may not be had on the judgment of eviction until the latter has collected for the damages caused to him and for the proportionate part of the crops belonging to him, in accordance with the decision of the experts appointed for that purpose.

Mr. Justice Córdova Dávila took no part in the decision of this case.